Ernest Edwin **LEBRECHT**, Plaintiff in Error,

**v.**

The **STATE** of Oklahoma, Defendant in Error.

No. A–13587.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1965.

Rehearing Denied March 10, 1965.

Hubert Gibson, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Ernest Edwin Lebrecht, plaintiff in error, hereinafter referred to as the defendant, was charged by information in the District Court of Oklahoma County with the crime of Concealing Stolen Property. He was tried by a jury, found guilty, and his punishment assessed at a fine of $500.00 and 30 days in the County Jail. From this conviction he now attempts to appeal to this Court alleging numerous propositions of error.

The Attorney General has filed a Motion to Dismiss said appeal for the reason that the casemade does not contain a copy of the formal judgment and sentence; and that the defendant did not get a proper order extending the time to file his appeal.

The defendant relies upon an instrument labeled "Journal Entry, Judgment and Sentence", appearing at page 113 of the casemade, which reads as follows:

"On this 24th day of April, 1954, the defendant, Ernest Edwin Lebrecht, having been found guilty by a jury, this matter came on for hearing upon the defendant Lebrecht's Motion for a New Trial.

"The Court being fully advised in the premises, finds that said Motion for a New Trial should be overruled, and it is so ordered and the defendant's exception to said order is allowed.

"Thereupon, there being no reason for judgment and sentence to be deferred, the Court sentenced the defendant Ernest Edwin Lebrecht to be confined in the county jail of Oklahoma County, Oklahoma for a period of thirty (30) days and to pay a fine of Five Hundred Dollars ($500.00), that being the punishment fixed by the jury in its verdict.

"Whereupon, the defendant Lebrecht gave notice of appeal to the Court of Criminal Appeals. Said notice is ordered to be noted by the Clerk on the proper docket and an Appeal Bond in the amount of One Thousand ($1000.-00) Dollars was fixed by the Court and the defendant was given sixty (60) days in addition to the time provided by statute within which to make and serve case-made, with three (3) days thereafter within which to suggest amendments, said casemade to be signed and settled within three (3) days thereafter, and the time to perfect and file said appeal is hereby extended as aforesaid.

"/s/ Boston W. Smith

BOSTON W. SMITH,
DISTRICT JUDGE.

"APPROVED:

/s/ Hubert Gibson

HUBERT GIBSON, ATTORNEY FOR DEFENDANT."

It is the opinion of this Court that this instrument does not meet the necessary requirements for a judgment and sentence as set forth in the case of Greenwood v. State, Okl.Cr., 375 P.2d 661, in which all forms of judgments and sentences were set out in detail.

The journal entry, supra, does not state the crime for which the defendant was convicted, and as was stated in the Greenwood case, supra:

"Journal entry, which failed to state crime for which defendant was found guilty, and for which he was sentenced to term of imprisonment of one year and one day, was not 'judgment' within statute providing that appeal to Criminal Court of Appeals may be taken by defendant from any 'judgment' against him, and appeal by defendant would be dismissed. 22 Okl.St.Ann. § 1051."

Inasmuch as this is fatal to the appeal in itself, it will not be necessary to discuss the second proposition in the Motion to Dismiss. Said motion of the Attorney General is hereby sustained, and the attempted appeal is hereby dismissed.

BUSSEY, P. J., and BRETT, J., concur.